

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Dr. T. O. Walton, President       Opinion No. O-1376
Agricultural & Mechanical         Re: Power to exchange equip-
  College of Texas                ment between the A. & M. Col-
College Station, Texas            lege and the Prison Commission.

Dear Sir:

     This will acknowledge receipt of your letter of December 11, 1939, requesting an opinion from this department upon the following case statement, to-wit:

     "In making changes in the Textile Engineering Department of the College there is certain equipment that the College has no further use for and the Prison Commission has proposed to give us in exchange for this equipment motors that we need and can use in our laboratories at the College.

     "The Statutes confer authority upon the Board of Directors of the College to sell equipment that belongs to the College, but when this question was presented to the Board, of making an exchange, some members of the Board felt that perhaps the Board does not have legal authority to authorize the exchange.

     "Will you please advise me whether it is within the legal powers of the Board of Directors of this College to make the exchange proposed by the Prison Commission authorities?"

     The equipment belonging to our various State institutions is, of course, State property, and may not be disposed of by any one except by legislative authority.

     We find no statutory authority for the exchange of equipment suggested by you. The policy of the State with respect to supplies, equipment and the like to our State institutions is evidenced by Article 634 of the Revised Civil Statutes, which provides:

"The Board of Control shall purchase all the supplies used by each department of the State government, including the State Prison System,and each eleemosynary institution, normal school, Agricultural & Mechanical College, University of Texas, and each and all other State schools or departments of the State government heretofore or hereafter created."

Article 634 1/2 specially authorizes the Board of Control to contract with the State Prison Board for the purchase of certain supplies, equipment.and materials for use by other State institutions. Article 660 authorizes an emergency contract for necessary supplies or equipment.

Obviously, these Articles declare the general policy, but do not furnish any rule for guidance in respect to the present inquiry.

Article 665 declares:

"The State Board of Control shall have charge and control of all public buildings, grounds and property of the State, and is the custodian of all public personal property, and is charged with the responsibility to properly care for and protect such property from damage, intrusion, or improper usage, (emphasis supplied) and the Board is expressly directed to take any steps necessary to protect any public buildings against any existing or threatened fire hazards."

It is the opinion of this department that this Article would authorize the Board of Control to accept from any State department or institution under its control supplies and equipment no longer usable or needed for use by such department or institution, and to place the same in the hands of any other department or institution having need of the same (at least temporarily if not permanently) where such exchange is mutually satisfactory to the two departments or institutions concerned, as an act of conservation under the general power above conferred on the Board. Such surrender or mutual surrender of equipment, and the further disposition thereof by the Board, would, of course, by this method be made a matter of public record

Dr. T. O. Walton - page 3


and the State proprietary rights would be adequately pre-
served within the spirit, if not the latter, of Article
665.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer
Ocie Speer, Assistant

APPROVED DEC 14, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      RWF, CHAIRMAN

OS:MR:wb